JUDGE ABRAMS

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY  10019
Telephone:  (212) 513-3200
Telefax:  (212) 385-9010
james.power@hklaw.com

ATTORNEYS FOR PLAINTIFF
HANJIN SHIPPING CO LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 13 CV 4682

---

HANJIN SHIPPING CO LTD.,

        Plaintiff,

    -against-

PRACTICA SHIPPING CORPORATION a/k/a
PRACTICA SHIPPING CORP. LIMITED a/k/a
PRACTICA SHIPPING OF CYPRUS LLC.

        Defendant.

Civil Action No. 13-CV_____

---

## <u>DECLARATION IN SUPPORT OF ATTACHMENT</u>

I, James H. Power, declare as follows:

1.     I am an attorney with the law firm of Holland & Knight LLP, counsel for Plaintiff Hanjin Shipping Co Ltd. (Seoul) ("Hanjin" or "Plaintiff"), and am duly admitted to practice before the United States District Court for the Southern District of New York.

2.      This declaration is executed by the undersigned in order to secure the issuance and execution of a Writ of Attachment in the above-styled action.

3.      As attorney for Hanjin, I hereby certify to the Court and the Clerk of the Court that the undersigned has made a diligent search and inquiry to ascertain the name and address of a person or party upon whom can be served process in personam which will bind Defendant Practica Shipping Corporation a/k/a Practica Shipping Corp. Limited a/k/a Practica Shipping of Cyprus ("Practica", or "Defendant").

4.      Defendant is not listed in the telephone directory of the principal metropolitan areas in this District.

5.      At my instruction, my office examined the online database of the New York Department of State on July 8, 2013, and Defendant Practica was listed as having surrendered its status as a foreign business entity authorized to do business in New York as of May 9, 2011.

6.      At my instruction, my office consulted additional sources including *inter alia* the Westlaw Company Index and Equasis, and was unable to find the Defendant within this District or within the State of New York.

7.      To the best of my knowledge, based upon such diligent search and inquiry my office has been unable to ascertain the name and address of any person or party within this District upon whom service of process would bind the Defendant.

8.      Based upon the facts set forth in the Verified Complaint, I respectfully submit that the Defendant are liable to Plaintiff for the damages alleged in the Verified Complaint, which amounts, as best as can presently be determined to a total of **$2,006,782.50**.

#11522345_v1

9.      Upon information and belief, the Defendant has tangible and intangible property including debts, assets, effects, and monies, funds, credits or accounts which belong to it or are maintained for its benefit within the District.

10.     A true and exact copy of the Affidavit of Sergey Borisov, Deputy Chairman of OJSC Bank Finance and Credit, a Ukranian Bank and Defendant in the matter *Cargill Financial Services International, Inc. v. Bank Finance & Credit Ltd.*, No. 09-601890 (N.Y. Sup.), vacated, 70 A.D.3d 456 (App. Div. 1st Dep't 2010), is attached hereto as Exhibit A demonstrating that Credit Suisse maintains an account in New York containing property of or held for the benefit of Defendant Practica.

11.     True and exact copies of the Orders and Writs of Attachment obtained from this Court in the *Sea Lion Marine Ltd. v. Svitzer Ocean Towage B.V.*, No. 13-CV-0211 (S.D.N.Y.), *Toisa Limited v. P.T. Transamudra Usaha Sejahtera*, No. 13-1407 (S.D.N.Y.) and *Lauritzen Bulkers A/S v. JIT International Corporation Limited*, No. 13-CV-3982 (S.D.N.Y.) matters are attached hereto as Exhibits B, C and D respectively.

12.     Hanjin therefore requests that this Court, pursuant to Rule B(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, issue a writ of maritime attachment for an amount up to **$2,006,782.50** as against Defendant's property in the District.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of July, 2013.

James H. Power

# EXHIBIT A

662

**AFFIDAVIT OF SERGEY BORISOV IN OPPOSITION TO ATTACHMENT,
SWORN TO JUNE 30, 2009   [662-667]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

CARGILL FINANCIAL SERVICES
INTERNATIONAL, INC.,                          Index No. 09-601890

                     Plaintiff,          **AFFIDAVIT OF
                                       SERGEY BORISOV
   -against-                          IN OPPOSITION TO
                                       ATTACHMENT

BANK FINANCE AND CREDIT LIMITED, a/k/a
OJSC BANK FINANCE AND CREDIT,

                    Defendant.

---------------------------------------------------------------X

UKRAINE            )
                   ) ss
CITY OF KIEV      )

**SERGEY BORISOV,** being duly sworn, deposes and says:

1.    I am Deputy Chairman of the Management Board at OJSC Bank Finance and Credit, a Ukrainian company and successor to Bank Finance and Credit Limited, also a Ukrainian company (together, "BFC"). I submit this affidavit in opposition to the Attachment sought by Plaintiff Cargill Financial Services International, Inc. ("CFSI") against BFC's assets within the State of New York. I am fully familiar with the facts set forth below.

2.    BFC is a bank located in the Ukraine. BFC does not have any branches in the United States.

3.    BFC does not maintain any offices, employees, sales people, telephone numbers, leaseholds, or real property within the State of New York, nor does it do business or advertise within the State of New York.

4.    This dispute arises from Trade and Related Loan Agreements (the "Loan Agreements"), entered into in 2008, wherein CFSI agreed to lend approximately $56,250,000 to BFC.

663

УКРАЇНА · UKRAINE

In connection with B___ ____ment obligations under the Loan ___ BFC issued letters of credit for amounts totaling over $61 million (the "LCs") to

The Loan Agreements and the LCs were not negotiated or executed in

Under each of the LCs, Credit Suisse, Geneva, Switzerland, served as the

8/    Payments under each of the LCs were conditioned on actions that took ___ ___itzerland. Indeed, the condition for payment under the LC was that CFSI present ___ ___ documents in Geneva, Switzerland to Credit Suisse.

9.    Under the LCs, payments to CFSI were to be made by Credit Suisse.

10.    BFC does maintain correspondent accounts with Standard Chartered Bank, Citibank NA, Deutsche Bank Trust Company Americas, Bank of New York Mellon and HSBC USA (the "Correspondent Accounts"). BFC's use of the Correspondent Accounts is limited to correspondent banking. Generally, correspondent accounts are accounts in U.S. banks held in the name of foreign financial institutions that have no U.S. branches. Typically, correspondent accounts are maintained in the United States to effect transactions in U.S. dollars. The funds located in BFC's Correspondent Accounts are not related to the Loan Agreements or the LCs. Indeed, a substantial part of the assets frozen in the Correspondent Accounts are funds of BFC's clients – not BFC – that required transactions in U.S. dollars.

11.    For example, the funds in BFC's account at Standard Charter Bank are not related to the Loan Agreements or the LCs. All of the funds located in the Standard Charter Bank acco___ ___ BFC's clients.

МІНІСТЕРСТВО ЮСТИЦІЇ УКРАЇНИ

664

12.    I respectfully request that the Court dismiss the complaint and vacate the

attachments and temporary restraining order against BFC, since there is no jurisdiction over

BFC.

Dated: Kyiv, Ukraine
       June 30, 2009

"30" червня 2009 року, місто Київ, Україна.
Я, Грек Анжеліка Василівна, приватний нотаріус Київського міського нотаріального округу,
засвідчую справжність підпису Борисова Сергія Вікторовича, що проживає м. Київ, вул. Анни
Ахматової, буд. 25, кв.94, який особисто з'явився   до мене, відомий мені як особа, зазначена в цьому
документі, підписав його у моїй присутності і належним чином підтвердив оформлення цього
документа.

Зареєстровано в реєстрі за № 2094.
Стягнуто плати за домовленістю.

Приватний нотаріус                                    А.В. Грек

Я, Тимофеєва Ксенія Сергіївна, засвідчую вірність перекладу цього документа з
української мови   на англійську мову.

Підпис     _____ (Тимофеєва К.С.)

Тридцятого червня  дві тисячі дев'ятого року.
Я, Грек Анжеліка Василівна, приватний нотаріус Київського міського нотаріального
округу, засвідчую справжність підпису перекладача Тимофеєвої Ксенії Сергіївни, яка
зробила переклад тексту цього документа з української мови на англійську мову.

Зареєстровано в реєстрі за № 2095.
Стягнуто плати за домовленістю.

Приватний нотаріус                                    А.В. Грек

-6-

665



УКРАЇНА ⬦ UKRAINE

Вищий Суд штату Нью-Йорк округ Нью-Йорк

CARGILL FINANCIAL SERVICES —————————————X
INTERNATIONAL, INC.,
                                        Індекс No. 09-601890

                        Позивач,         Афідавіт Сергія Борисова
                                         проти накладання арешту

        -проти-

Банк Фінанси та Кредит ТОВ, він же, ВАТ Банк
Фінанси та Кредит,

                        Відповідач.
—————————————————————————X

Україна          )
                 ): ss
Київ             )

        СЕРГІЙ БОРИСОВ, присягнувший чинним образом, надає письмові
свідчення під присягою, та каже:

        1.      Я заступник Голови Правління ВАТ Банк Фінанси та Кредит,

Українська компанія та правонаступниця ТОВ Банк Фінанси та Кредит, також Українська

компанія, (разом «БФК»). Я надаю цей афідавіт проти Накладання арешту, якого

добивається Позивач Cargill Financial Services International, Inc. («CFSI») проти активів

БФК в межах штату Нью-Йорк. Я повністю ознайомлений із фактами зазначеними у

цьому документі.

        2.      БФК – банк, що знаходиться в Україні. БФК не має представництва на

території Сполучених Штатів.

        3.      БФК не має будь-яких офісів, найманих працівників, продавців,

МІНІСТЕРСТВО ЮСТИЦІЇ УКРАЇНИ

666

телефонних номерів, ліз гольдія, чи власності в межах штату Нью-Йорк, та не веде бізнес
або рекламу в межах штату Нью-Йорк.

4.    Цей диспут виник з Торгових Кредитних Договорів («Кредитні
договори») датованих 2008р. де CFSI погодився дати кредит на суму приблизно
56,250,000 млн. доларів США БФК.

5.    У зв'язку із платіжним зобов'язанням БФК по Кредитним Договорам,
БФК емітував акредитиви на суму більш ніж 61 млн. доларів США. («А/К») CFSI.

6.    Кредитні Договори та А/Ки не були виконані у Нью-Йорку.

7.    По кожному із А/Кія, Credit Suisse, Женева, Швейцарія, надавав
послуги "Авізуючого Банку."

8.    Платежі по кожному із А/Ків були обумовлені подіями які
відбувалися у Швейцарії. Насправді, умова платежу по А/Ку була такою, що CFSI
представляв певні документи в Женеві, Швейцарія, банку Credit Suisse.

9.    Платежі пр А/Кам CFSI повинні були здійснюватися банком Credit
Suisse.

10.    БФК дійсно підтримує кореспондентських рахунків у Standard
Chartered Bank, Citibank NA, Deutsche Bank Trust Company Americas, Bank of New York
Mellon and HSBC USA («Кореспондентські рахунки»). Використання БФК
Кореспондентських рахунків обмежене кореспондентським банкінгом. В загалі,
кореспондентські рахунки – рахунки у банках Сполучених Штатів, що утримуються від
імені закордонних фінансових інститутів які не мають представництв на території
Сполучених Штатів. Як правило, кореспондентські рахунки відкриваються у Сполучених
Штатах для здійснення трансакцій у доларах США. Кошти, що знаходилися на

-2-

667



УКРАЇНА | UKRAINE

Кореспондентських рахунках БФК не відносяться до Кредитних договорів чи А/К.

Насправді значна сума заморожених активів на Кореспондентських рахунках належать

клієнтам БФК, а не БФК, та вимагають здійснення трансакцій у долара США..

11.     Наприклад, кошти на рахунка БФК у Standard Charter Bank не

відносяться до Кредитних договорів чи А/К. Усі кошти розміщені на рахунку у Standard

Charter Bank account кошти клієнтів БФК.

12.     Я, шанобливо прошу те, щоб Суд відхилив позов та анулював

арешти та тимчасову судову заборону проти БФК, через те що немає юрисдикції на БФК.

Дата:  Київ, Україна
       : 30 червня 2009



**<u>EXHIBIT B</u>**

Case 1:13-cv-00211 MGC   Document 2   Filed 01/11/13   Page 1 of 3

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
SEA LION MARINE LTD,

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 1-11-13              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEA LION MARINE LTD.

        Plaintiff,

      -against-

SVITZER OCEAN TOWAGE B.V.

        Defendant.

Civil Action No.13-CV-0211

---

### ORDER TO ISSUE WRIT OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER

On January 10, 2013, Plaintiff, Sea Lion Marine Ltd ("Sea Lion" or "Plaintiff"), filed a Verified Amended Complaint in the captioned action seeking damages of **$6,910,259.40** and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure

The Court has reviewed the Verified Amended Complaint and the Supporting Declaration of James H. Power dated January 9, 2013, and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The Verified Amended Complaint and the Declaration of James H. Power demonstrate that Defendant's (tangible or intangible) property is contained within Correspondent Bank accounts that are located in this district.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all goods, chattel, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, at the time of service, in an amount of up to $6,910,259.40, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Holland & Knight LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on the garnishee; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishees Standard Chartered Bank, JP

Morgan Chase Bank, N.A., Citibank N.A., Bank of New York Mellon and Wells Fargo Bank N.A., within this District; and it is further,

ORDERED, that the above garnishees shall each restrain **$6,910,259.40** in the Correspondent Bank account of its customer ING Bank N.V. until such time as garnishee is able to determine what funds in its customer ING Bank N.V.'s U.S. Dollar account belongs to or is held for the benefit of Defendant Svitzer Ocean Towing B.V.;

ORDERED, in the event it is immediately determinable by garnishee whether U.S. dollar funds of Defendant Svitzer Ocean Towing are contained in the subaccount of ING Bank N.V. Correspondent Bank account, garnishee shall then immediately restrain those funds, up to **$6,910,259.40**;

ORDERED, that Plaintiff shall upon request from garnishees immediately provide all known account numbers of Defendant to garnishees in order to facilitate rapid identification of Defendant U S. dollar funds contained in Svitzer Ocean Towage's subaccount of the ING Bank N.V. Correspondent Bank account;

ORDERED, that upon determining that it is in possession of any property which may be subject to this Order, any garnishee shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it,

DONE AND ORDERED in Chambers at New York, New York, this 11th day of January, 2013.

UNITED STATES DISTRICT JUDGE

3

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY  10019
Telephone:  (212) 513-3200
Telefax:  (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
SEA LION MARINE LTD,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEA LION MARINE LTD,

              Plaintiff,

        -against-                         Civil Action No. 13-CV-0211

SVITZER OCEAN TOWAGE B.V.

              Defendant.

## WRIT OF ATTACHMENT AND GARNISHMENT

THE PRESIDENT OF THE UNITED STATES OF AMERICA TO THE MARSHAL OF

THE   SOUTHERN   DISTRICT   OF   NEW   YORK   (OR   DESIGNATED   PROCESS

SERVER) GREETINGS:

      **WHEREAS** a Verified Amended Complaint has been filed in the United States District

Court for the Southern District of New York on the 10th day of January, 2013

SEA LION MARINE LTD,

> Plaintiff,

- against -

SVITZER OCEAN TOWAGE B.V.

> Defendant.

in a certain action for breach of a maritime contract wherein it is alleged that there is due and owing from Defendant to Plaintiff the amount of **$6,910,259.40** and praying for process of maritime attachment and garnishment against the Defendant, and for the attachment of the property of said Defendant;

NOW, **THEREFORE**, we do hereby empower and strictly charge and command you, the said Marshal (or designated process server), to cite and admonish the said Defendant, if he shall be found in your district, to appear before the said District Court, at the U.S. District Courthouse for the Southern District of New York, that you attach all tangible or intangible property within this District of ING Bank N.V. held for the benefit of Defendant Svitzer Ocean Towage B.V. to the amount sued for, alleged to be in possession of the following garnishees:

Standard Chartered Bank
One Madison
New York, NY 10010

JP Morgan Chase Bank, N.A.
4 New York Plaza, Floor 15
New York, NY 10004

Citibank N.A.
399 Park Avenue
New York, NY 10043

Bank of New York Mellon
One Wall Street
New York, NY 10286

Wells Fargo Bank N.A.
375 Park Avenue
New York, NY 10152

You are also directed to notify the said garnishees that:

~~1.      A foreign attachment has been commenced against the Defendant Svitzer Ocean~~ *M &C*
~~Towage B.V.;~~

2. The garnishee is required to file in the office of the Clerk of the United States District Court for the Southern District of New York within twenty (20) days from the service of this Writ, a report, under oath, setting forth in detail all debts owing by the garnishee to ING Bank N.V which may be held for the benefit of Defendant Svitzer Ocean Towage B.V. in the possession, custody or control of the garnishee or to which the garnishee holds legal title; all property which is held by the garnishee as fiduciary in which ING Bank N.V. for the benefit of Defendant Svitzer Ocean Towage B.V. has an interest; and whether any property attached is immune or exempt from attachment; and

3. The garnishee is enjoined from paying any debt to or for the account of ING Bank N.V. for the benefit of the Defendant, or releasing any property to or for the account of ING Bank N.V. for the benefit of Defendant, and from delivering any property owned by ING Bank N.V. for the benefit of the Defendant to or for the ING Bank N.V. subaccounts of the Defendant or otherwise disposing thereof;

4. The garnishee is required to promptly forward to Defendant, by any form of mail requiring a return receipt, a copy of this Writ, a copy of the Verified Complaint, and a copy of the Summons.

If the property of the Defendant is found in the possession of anyone not a garnishee, you are directed to notify him that an application will be made to add him as a garnishee and you are to notify plaintiff's counsel.

**Amount of Plaintiff's claim:  $6,910,259.40.**

RUBY J. KRAJICK

_____
**Clerk**

By: _Edward Drueri_____        Date:  1-11-13
Deputy Clerk


Copy to.

James H  Power
HOLLAND & KNIGHT LLP
*Counsel for Sea Lion Marine Ltd*
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 513-3200
Facsimile·  (212) 385-9010
Email:  james.power@hklaw.com

4

**<u>EXHIBIT C</u>**

**JUDGE FURMAN**          **13 CV**  *FURMAN'S*  **1407**

James H. Power
Marie E Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3-1-13_
```

ATTORNEYS FOR PLAINTIFF
TOISA LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOISA LIMITED,

          Plaintiff,    .

        -against-                 Civil Action No. 13-CV_____

PT. TRANSAMUDRA USAHA SEJAHTERA

         Defendant.

## ORDER TO ISSUE WRIT OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER

On March 1, 2013, Plaintiff, Toisa Limited ("Toisa" or "Plaintiff"), filed a Verified Complaint in the captioned action seeking damages of **$2,604,413.30** and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Supporting Declaration of James H. Power dated March 1, 2013, and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The Verified Complaint and the Declaration of James H. Power demonstrate that Defendant's (tangible or intangible) property is contained within Correspondent Bank accounts that are located in this district.

**ACCORDINGLY, IT IS HEREBY**

ORDERED, that Process of Maritime Attachment and Garnishment shall issue against all goods, chattel, credits, letters of credit, debts, effects and monies, funds, cash, deposits, instruments, credits, debits, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, at the time of service, in an amount of up to **$2,604,413.30**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

ORDERED, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

ORDERED, that any person at least 18 years of age and not a party to this action, employed with or appointed by Holland & Knight LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on the garnishee; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishee Royal Bank of Scotland within this District; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishees Standard Chartered Bank, JP Morgan Chase Bank, N.A., Citibank N.A., Bank of New York Mellon and Wells Fargo Bank N.A., within this District; and it is further,

**ORDERED**, that the above garnishees shall each restrain **$2,604,413.30** in the Correspondent Bank account of its customer Bank Mandiri (Persero) PT until such time as garnishee is able to determine what funds or credits in its customer Bank Mandiri (Persero) PT's U.S. Dollar correspondent account at the garnishee banks belongs to or is held for the benefit of Defendant PT. Transamudra Usaha Sejahtera;

**ORDERED**, in the event it is immediately determinable by garnishee whether U.S. dollar funds of Defendant Transamudra are contained in the subaccount of Bank Mandiri's Correspondent Bank account, garnishee shall then immediately restrain those funds, up to **$2,604,413.30**;

**ORDERED**, that Plaintiff shall upon request from any garnishee immediately provide all known account numbers to garnishee to facilitate rapid identification of Defendant U.S. dollar funds contained in Transamudra's subaccount of the Bank Mandiri Correspondent Bank account;

**ORDERED**, that upon determining that it is in possession of any property which may be subject to this Order, any garnishee shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it,

DONE AND ORDERED in Chambers at New York, New York, this 1st day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

Jesse M. Furman
United States District Judge
Southern District of New York

" AS A TRUE COPY ON

THIS DATE____3 - 1 - 13____

BY____Edward Dinari____
( ) Clerk
( V) Deputy

4

**JUDGE FURMAN**

# 13 CV 1407

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
TOISA LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOISA LIMITED,

Plaintiff,

-against-

PT. TRANSAMUDRA USAHA SEJAHTERA

Defendant.

Civil Action No. 13-CV_____

## WRIT OF ATTACHMENT AND GARNISHMENT

THE PRESIDENT OF THE UNITED STATES OF AMERICA TO THE MARSHAL OF THE SOUTHERN DISTRICT OF NEW YORK (OR DESIGNATED PROCESS SERVER) GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 1st day of March, 2013

TOISA LIMITED,

                     **Plaintiff,**

      - against -

PT. TRANSAMUDRA USAHA SEJAHTERA

                     **Defendant.**

in a certain action for breach of a maritime contract wherein it is alleged that there is due and owing from Defendant to Plaintiff the amount of **$2,604,413.30** and praying for process of maritime attachment and garnishment against the Defendant, and for the attachment of the property of said Defendant;

      **NOW, THEREFORE,** we do hereby empower and strictly charge and command you, the said Marshal (or designated process server), to cite and admonish the said Defendant, if he shall be found in your district, to appear before the said District Court, at the U.S. District Courthouse for the Southern District of New York, that you attach all tangible or intangible property within this District of Bank Mandiri (Persero) PT held for the benefit of Defendant PT. Transamudra Usaha Sejahtera to the amount sued for, alleged to be in possession of the following garnishees:

      Royal Bank of Scotland
      101 Park Avenue, 10th Floor
      New York, NY 10178

      Standard Chartered Bank
      One Madison
      New York, NY 10010

      JP Morgan Chase Bank, N.A
      4 New York Plaza, Floor 15

New York, NY 10004

Citibank N.A.
399 Park Avenue
New York, NY 10043

Bank of New York Mellon
One Wall Street
New York, NY 10286

Wells Fargo Bank N.A.
375 Park Avenue
New York, NY 10152

Deutsche Bank Trust Company
60 Wall Street
New York, NY 10004

You are also directed to notify the said garnishees that:

1.      A foreign attachment has been commenced against the Defendant PT.
        Transamudra Usaha Sejahtera;

2.      The garnishee is required to file in the office of the Clerk of the United States
        District Court for the Southern District of New York within twenty (20) days
        from the service of this Writ, a report, under oath, setting forth in detail all debts
        owing by the garnishee to Bank Mandiri (Persero) PT which may be held for the
        benefit of Defendant PT. Transamudra Usaha Sejahtera in the possession, custody
        or control of the garnishee or to which the garnishee holds legal title; all property
        which is held by the garnishee as fiduciary in which Bank Mandiri (Persero) PT
        for the benefit of Defendant PT. Transamudra Usaha Sejahtera has an interest;
        and whether any property attached is immune or exempt from attachment; and

3.      The garnishee is enjoined from paying any debt to or for the accounts of Bank
        Mandiri (Persero) PT for the benefit of Defendant PT. Transamudra Usaha

3

Sejahtera, or releasing any property to or for the account of Bank Mandiri (Persero) PT for the benefit of Defendant, and from delivering any property owned by Bank Mandiri (Persero) PT for the benefit of the Defendant to or for the Bank Mandiri (Persero) PT subaccounts of the Defendant or otherwise disposing thereof;

4. The garnishee is required to promptly forward to Defendant, by any form of mail requiring a return receipt, a copy of this Writ, a copy of the Verified Complaint, and a copy of the Summons.

If the property of the Defendant is found in the possession of anyone not a garnishee, you are directed to notify him that an application will be made to add him as a garnishee and you are to notify plaintiff's counsel

**Amount of Plaintiff's claim: $2,604,413.30.**

RUBY J. KRAJICK                           *JESSE M. FURMAN*
_____                           _____
Clerk                                      JUDGE

By: *Edward Darian*                        Date: 3 - 1 - 13
_____                                 _____
Deputy Clerk

CERTIFIED AS A TRUE COPY ON

Copy to:                                   THIS DATE  3 - 1 - 13

James H. Power                             BY  *Edward Darian*
HOLLAND & KNIGHT LLP                           ( ) Clerk
*Counsel for Toisa Limited*                    (✓) Deputy
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: james.power@hklaw.com

4

**EXHIBIT D**

JUDGE PAULEY                    13 CV 2982

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/12/13_

ATTORNEYS FOR PLAINTIFF
LAURITZEN BULKERS A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURITZEN BULKERS A/S,

   Plaintiff,

  -against-

JIT INTERNATIONAL CORPORATION
LIMITED, and PALMAILLE
HOLDINGS LTD.

   Defendants.

Civil Action No. 13-CV_____

## ORDER TO ISSUE WRIT OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER

On June 11, 2013. Plaintiff, Lauritzen Bulkers A/S ("Lauritzen" or "Plaintiff"), filed a Verified Complaint in the captioned action seeking damages of **$20,000,000.00** and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Supporting Declaration of James H. Power dated June 10, 2013, and finds that the conditions of Supplemental Admiralty Rule B appear to exist. *and supplemental declaration-*

The Verified Complaint and the Declaration of James H. Power demonstrate that Defendant's (tangible or intangible) property is contained within Correspondent Bank accounts that are located in this district.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all goods, chattel, credits, letters of credit, debts, effects and monies, funds, cash, deposits, instruments, credits, debits, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, at the time of service, in an amount of up to **$20,000,000.00**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Holland & Knight LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on the garnishee; and it is further,

ORDERED, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishee HSBC Bank USA, N.A. within this District; and it is further,

ORDERED, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishee Hong Kong and Shanghai Banking Corporation ("HSBC Bank") via service on HSBC Bank USA, N.A.

~~ORDERED, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon garnishees Standard Chartered Bank, JP Morgan Chase Bank, N.A., Citibank N.A., Bank of New York Mellon, Wells Fargo Bank N.A. and Deutsche Bank Trust Company within this District; and it is further;~~

ORDERED, that ~~the above garnishees shall each~~ *HSBC Bank USA* restrain $20,000,000.00 in the Correspondent Bank account of its customer Hong Kong and Shanghai Banking Corporation Limited (HSBC Bank) until such time as garnishee is able to determine what funds or credits in its customer HSBC Bank's U.S. Dollar correspondent account at the garnishee banks belongs to or is held for the benefit of Defendants JIT International Corporation Limited ("JIT") and Palmaille Holdings Ltd. (Palmaille Holdings);

ORDERED, in the event it is immediately determinable by garnishee whether U.S. dollar funds of Defendants JIT and Palmaille Holdings are contained in the subaccount of HSBC Bank's Correspondent Bank account, garnishee shall then immediately restrain those funds. up to $20,000,000.00;

ORDERED. that Plaintiff shall upon request from any garnishee immediately provide all known account numbers to garnishee to facilitate rapid identification of Defendants' U.S dollar

funds contained in JIT's or Palmaille Holdings' subaccount of the HSBC Bank Correspondent Bank account;

ORDERED, that HSBC Bank as garnishee shall immediately restrain funds of Defendants JIT and Palmaille holdings up to the amount of $20,000,000.00.

ORDERED, that upon determining that it is in possession of any property which may be subject to this Order, ~~any garnishee~~ HSBC Bank y JA shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it; *and file a report under oath with the Court.*

DONE AND ORDERED in Chambers at New York, New York, this 12th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone:  (212) 513-3200
Telefax:  (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
LAURITZEN BULKERS A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LAURITZEN BULKERS A/S,<br><br>       Plaintiff,<br><br>    -against-<br><br>JIT INTERNATIONAL CORPORATION LIMITED, and PALMAILLE HOLDINGS LTD.<br><br>       Defendants. | Civil Action No. 13-CV-3982 (WHP) |

## WRIT OF ATTACHMENT AND GARNISHMENT

TO:    UNITED STATES MARSHAL (OR DESIGNATED PROCESS SERVER)

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 11th day of June, 2013

**LAURITZEN BULKERS A/S,**

**Plaintiff,**

- against -

**JIT INTERNATIONAL CORPORATION LIMITED,**
**and PALMAILLE HOLDINGS LTD.**

**Defendants.**

in a certain action for breach of a maritime contract wherein it is alleged that there will be due and owing from Defendants to Plaintiff up to the amount of **$20,000,000.00** and praying for process of maritime attachment and garnishment against the Defendants, and for the attachment of the property of said Defendants;

      **NOW, THEREFORE**, we do hereby empower and strictly charge and command you, the said Marshal (or designated process server), to cite and admonish the said Defendants, if they shall be found in your district, to appear before the said District Court, at the U.S. District Courthouse for the Southern District of New York, that you attach all tangible or intangible property within this District of Hong Kong and Shanghai Banking Corporation Limited ("HSBC Bank") held for the benefit of Defendant JIT International Corporation Limited and Defendant Palmaille Holdings Ltd. to the amount sued for, alleged to be in possession of the following garnishees:

      Hong Kong and Shanghai Banking Corporation (HSBC Bank)
c/o HSBC Bank USA, N.A.
One HSBC Centre, 24 Floor
Buffalo, NY 14203

      HSBC Bank USA, N.A.
452 Fifth Avenue
New York, NY 10018

2

You are also directed to notify the said garnishees that:

1.  A foreign attachment has been commenced against the Defendants JIT International Corporation Limited and Palmaille Holdings Ltd.;

2.  The garnishee is required to file in the office of the Clerk of the United States District Court for the Southern District of New York within twenty (20) days from the service of this Writ, a report, under oath, setting forth in detail all debts owing by the garnishee to HSBC Bank which may be held for the benefit of Defendants JIT International Corporation Limited and Palmaille Holdings Ltd. in the possession, custody or control of the garnishee or to which the garnishee holds legal title; all property which is held by the garnishee as fiduciary in which HSBC Bank for the benefit of Defendants has an interest; and whether any property attached is immune or exempt from attachment; and

3

3.    The garnishee is enjoined from paying any debt to or for the accounts of HSBC Bank for the benefit of Defendants JIT International Corporation Limited and Palmaille Holdings Ltd., or releasing any property to or for the account of HSBC Bank for the benefit of Defendants, and from delivering any property owned by HSBC Bank for the benefit of the Defendants to or for the HSBC Bank subaccounts of the Defendants or otherwise disposing thereof;

4.    The garnishee HSBC Bank is enjoined from paying any debt to or for the benefit of Defendants JIT International Corporation Limited and Palmaille Holdings Ltd., or releasing any property to or for the account of or for the benefit of Defendants, and from delivering any property owned by or for the benefit of the Defendants or otherwise disposing thereof;

5.    The garnishee is required to promptly forward to Defendants, by any form of mail requiring a return receipt, a copy of this Writ, a copy of the Verified Complaint, and a copy of the Summons.

If the property of the Defendants is found in the possession of anyone not a garnishee, you are directed to notify him that an application will be made to add him as a garnishee and you are to notify plaintiff's counsel.

**Amount of Plaintiff's claim:  $20,000,000.00.**

~~RUBY J. KRAJICK~~
_____
Clerk

By. _*Mary Salcedo*_____
Deputy Clerk

_William H. Pauley III_
U.S.D.J. - SDNY

Date: ___6/12/13___

4

Copy to:

James H. Power
HOLLAND & KNIGHT LLP
*Counsel for Lauritzen Bulkers A/S*
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 513-3200
Facsimile:  (212) 385-9010
Email:  james.power@hklaw.com