

# CHALOS & CO, P.C.
### International Law Firm

55 Hamilton Avenue, Oyster Bay, New York 11771

+1-516-714-4300 • +1-516-750-9051 • www.chaloslaw.com • info@chaloslaw.com

July 30, 2013

*Via E-mail*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2013
```

Honorable Ronnie Abrams
United States District Court
40 Foley Square, Room 2203
New York, New York 10007-1312

Re:   *Hanjin Shipping Co. Ltd. v. Practica Shipping Corporation*, Docket No.: 13 cv 4682
      CHALOS & CO. Ref: 2094.040

Dear Judge Abrams:

We are attorneys for the Defendant, Practica Shipping Corporation. ("Practica" or "Defendant"), in the above-captioned matter. On July 8, 2013, Plaintiff commenced this action seeking extraordinary *ex parte* relief pursuant to Supplemental Admiralty Rule B.[1] Docket # 1. An Order for Issuance of a Writ of Maritime Attachment and Garnishment ("Order of attachment") was issued on July 9, 2013, and permitted attachment of Defendant's assets in an amount up to USD 2,006,782.50. The Order of attachment identified three (3) garnishees upon which the Order would be served.[2] Docket # 2. Each of these garnishees has now filed an Answer or Response with the Court, confirming that they are not holding any other tangible or intangible property belonging to or held for the benefit of Practica. Dockets # 8 – 11.

A threshold requirement to maintain a Rule B attachment action is that defendant's property be found in the District where the attachment is sought. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Here, as evidenced by Plaintiff's own Complaint, and the subsequent submissions of the three (3) garnishees, neither Practica nor any property of Practica can be found within the Southern District of New York.[3]

---

[1] *See Interglobo S.R.L. v. Garden Interior Gift Int'l, Inc.*, 2009 U.S. Dist. LEXIS 86496, *12 (S.D.N.Y. Sept. 16, 2009)("...pre-judgment attachment is an extraordinary remedy available only under limited circumstances."); *Far E. Shipping Co. v. Progress Bulk Carriers, Ltd.*, 2008 U.S. Dist. LEXIS 106861 (S.D.N.Y. 2008)( The maritime attachment of Admiralty Rule B is an extraordinary remedy which requires the demonstration of due diligence by the party seeking relief.")
[2] The proposed Order of attachment included additional garnishees; however, the Court struck the language referring to these garnishees before issuing the Order of attachment. Docket # 2.
[3] It is well-settled that, where no assets have been attached pursuant to Rule B, there is no basis for jurisdiction over the defendant, and the action must be dismissed. The analysis of the court in *Blueye Navigation v. Oltenia Navigation*, 1995 U.S. Dist. LEXIS 1844, *13 (S.D.N.Y. Feb. 15, 1995), is instructive: "In fact, for Rule B attachment to be appropriate, it is clear that the property must be located within the district and the property must belong to the defendant.... If, as in this case, no property was attached in the first instance, then no jurisdiction was ever obtained under Supplemental Rule B." *Id.* at *13 – 15.

**CHALOS & CO, P.C**
International Law Firm

Accordingly, for the reasons set for above, Practica respectfully requests that the Order of attachment be vacated and the matter dismissed in its entirety.

In advance, we thank the Court for its time and consideration, and remain,

Respectfully yours,

**CHALOS & CO, P.C.**

*Katherine Christodoulatos*

GMC/knc

George M. Chalos
Katherine N. Christodoulatos

cc: *Via E-mail*

Mr. James H. Power, Esq.
Ms. Marie E. Larsen, Esq.
Holland & Knight LLP
*Attorneys for Plaintiff*

Ordered
Post to docket.

10/15/13   K. B. Forrest
            USDJ